UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMPSON CORRUGATED SYSTEMS, INC. and
THOMPSON CORRUGATED SYSTEMS LLC,

        Plaintiffs,

  v.

ENGICO S.R.L.,

        Defendant.

Case No. 20-cv-122-JPG

**MEMORANDUM AND ORDER**

      This matter comes before the Court on two motions to dismiss filed by defendant Engico S.r.l. The first seeks to dismiss all claims by plaintiff Thompson Corrugated Systems, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing (Doc. 25). The second seeks to dismiss all claims or, in the alternative, to transfer pursuant to Federal Rule of Civil Procedure 12(b)(3) for lack of venue (Doc. 27). The plaintiffs have responded to the respective motions (Docs. 35 & 36), and Engico has filed a consolidated reply to both responses (Doc. 37).

      This case arises out of a relationship between Engico and one or both of the plaintiffs that began in 2002 and went south in 2019. The plaintiffs allege that in 2002 Engico agreed that they would jointly be the exclusive sales representative for Engico's products—machinery to produce corrugated materials—in North America, and that they would be paid on commission.[1] The plaintiffs claim that after the relationship was terminated in 2019, Engico failed to properly pay commissions they were owed. They have sued for breach of contract (Count I), for violation of

---

[1] It appears this agreement was never reduced to writing. Although the plaintiffs do not plead that the agreement was oral, Engico asserts in its motions that it was oral, and the plaintiffs do not contradict that assertion. Additionally, for the purposes of this motion, the Court assumes the plaintiffs' contentions about the content of that agreement are true, although the actual terms are subject to proof later in the case.

the Illinois Sales Representative Act, 820 ILCS 120/0.01 *et seq.* (Count II), for an accounting (Count III), and, in the alternative to the foregoing, for unjust enrichment (Count IV).  The Court turns to the motions to dismiss.

I.      **Motion to Dismiss for Lack of Standing (Doc. 25)**

This motion is governed by Federal Rule of Civil Procedure 12(b)(1).  Under that rule, a defendant can challenge a court's subject matter jurisdiction in two ways.  It may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case, as with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff.  *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003).  Alternatively, where a complaint is facially sufficient, a defendant may challenge the actual facts establishing jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor.  *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).  In any case, the plaintiff has the burden of proving that subject matter jurisdiction exists.  *Lee*, 330 F.3d at 468.  In the case at bar, the defendant challenges the sufficiency of the complaint's jurisdictional allegations as a matter of law.  Therefore, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiffs.

Engico points out that Thompson Corrugated Systems LLC is alleged to be the successor to Thompson Corrugated Systems, Inc., so both the corporation and the LLC cannot have a cause of action against it.  Engico argues that when the LLC succeeded to or assumed contractual rights of the corporation, the corporation lost the right to sue to enforce any such rights.  Thus, Engico argues, the corporation no longer has standing to sue for breach of contract.  The

plaintiffs charge that Engico is misreading its allegations in the complaint, which show that both entities have standing.

Analysis of the standing issue is complicated by the presence of identically named companies. The plaintiffs have explained in their response that there are two Thompson Corrugated Systems, Inc. companies—one incorporated in Illinois that still exists and one that was incorporated in Delaware that was succeeded by the LLC.[2] Engico cannot be blamed for being confused by the identically named but separately incorporated companies. Indeed, the Court had to read the complaint several times to parse what the plaintiffs actually plead: that the Illinois Thompson Corrugated Systems, Inc. ("Illinois Thompson Inc.") and the Delaware Thompson Corrugated Systems, Inc. ("Delaware Thompson Inc.") jointly entered into a sales representative agreement with Engico in 2002 under which they agreed to jointly act as Engico's exclusive North American sales representative. They allege that at some point Thompson Corrugated Systems LLC ("Thompson LLC") succeeded to the interests of Delaware Thompson Inc., leaving Illinois Thompson Inc. and Thompson LLC jointly as the "exclusive sales representative" of Engico. Thus, accepting the allegations in the complaint as true, both Illinois Thompson Inc. and Thompson LLC have standing to sue for unpaid commissions. For this reason, the Court will deny Engico's motion to dismiss for lack of standing (Doc. 25).

**II.     Motion to Dismiss for Lack of Venue or, in the Alternative, to Transfer (Doc. 27)**

Motions to dismiss for improper venue are governed by Federal Rule of Civil Procedure 12(b)(3). Under this rule, "the district court assumes the truth of the allegations in the plaintiff's

---

[2] The Court notes in passing that the sole shareholder of one company is Fred Thompson and the sole member of the other is Fred Thompson II, Fred Thompson's son. To avoid further confusion from two similarly named owners of similarly names companies, the Court omits further reference to the owners by name.

3

complaint, *unless* contradicted by the defendant's affidavits." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (2004)). Thus, the Court "may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Deb*, 832 F.3d at 809.

Motions for venue-based transfer or dismissal are governed by the standards set forth in 28 U.S.C. §§ 1404[1] and 1406.[2] *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 905 & n. 4 (7th Cir. 1999). To determine which of these statutes governs a particular situation, the Court must determine whether venue is proper under 28 U.S.C. § 1391. Section 1404 governs transfer when venue is proper; § 1406 governs when venue is improper. *Atlantic Marine Constr. Co. v. United States Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013); *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989).

A.  <u>Propriety of Venue</u>

The general venue statute provides that a civil actions may be brought in:

---

[1] Section 1404 reads in pertinent part:

> (a)  For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

[2] Section 1406 reads in pertinent part:

> (a)  The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

4

    (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  The plaintiffs assert 28 U.S.C. § 1391(b)(2) as the basis for venue in this judicial district.

    Engico argues that venue is not proper in the Southern District of Illinois because it entered the oral sales representative agreement in 2002 with Thompson Corrugated Systems, Inc. (which it believes was incorporated in Delaware and had its principle place of business in Illinois), but the interest in the contract passed to Thompson LLC, a South Carolina company with a single South Carolina member.  Furthermore, the plaintiffs seek unpaid commissions for machines sold not in Illinois but in Kansas, New York, and Indiana, the likely locations of the third-party witnesses and the relevant evidence.  It notes that the plaintiffs rest their assertions of venue on 28 U.S.C. § 1331(b)(2) because a substantial part of the events giving rise to their claim occurred here when, in reality, there has been no Illinois connection since Thompson LLC succeeded to the agreement.  It urges the Court to dismiss the case for improper venue or, in the alternative, to transfer it pursuant to 28 U.S.C. § 1406(a) or 1404(a) to the District of South Carolina, where Thompson LLC resides, where the failure to pay commissions is alleged to have occurred, and where relevant evidence is located.

    The plaintiffs again point to Engico's misunderstanding as to their separate corporate identities and the fact that Illinois Thompson, Inc. is a viable plaintiff separate and apart from

Thompson LLC.  Illinois Thompson, Inc. maintains that negotiation of the contract in 2002 was conducted by Illinois Thompson, Inc. by telephone or email from Illinois, and that Engico was aware of that fact.  Once the contract was formed, from 2002 to 2019, Illinois Thompson, Inc. promoted and solicited Engico's products throughout the United States from its location in Illinois, often communicated with Engico via telephone and email from Illinois, and on at least one occasion Engico's managing director traveled to Illinois in connection with a sale.  Illinois Thompson, Inc. invoiced Engico for certain expenses from Illinois, and Engico paid those expenses by wire transfer to Illinois Thompson, Inc.'s bank account in Illinois or by cash to Illinois Thompson, Inc.'s president personally.  Illinois Thompson, Inc. also submitted commission invoices sent from Illinois regarding sales of Engico products, and Illinois Thompson, Inc. received its commission payments in Illinois.  Until early 2020, Engico held out the Thompson Corrugated Systems, Inc. reachable at the Illinois Thompson, Inc.'s phone number as its exclusive sales representative.

To decide whether venue is proper under 28 U.S.C. § 1391(b)(2), the Court asks what constitutes "a substantial part of the events or omissions giving rise to" a breach of contract claim.  Generally, the relevant events include where the contract was negotiated, executed, and performed, and, if payment was not made, where the payment was to be made under the contract. *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 877 (N.D. Ill. 2015) (citing *Imperial Crane Servs. v. Cloverdale Equip. Co.,* No. 13 C 04750, 2013 WL 5904527, at *3 (N.D. Ill. Nov. 4, 2013)).  "When the underlying events consist of communications made by two parties located in separate districts, 'the requirements of § 1391(b)(2) may be satisfied by a communication transmitted to or from the district in which the cause of actions was filed, given a sufficient relationship between the communication and the cause of action.'" *Allstate Life*, 80 F.

Supp. 3d at 877 (quoting *Imperial Crane Servs.*, 2013 WL 5904527, at *3).

In this case, Engico's arguments with respect to the propriety of venue might have had a better chance of success had their understanding of the plaintiffs' corporate identities been correct, that is, had there been no current party to the agreement with any connection to Illinois. However, Engico's arguments fail in light of the real circumstances. Illinois Thompson, Inc., an Illinois corporation with its principle place of business in Illinois, continues to be a party to the agreement. The agreement was negotiated and concluded on one end from Illinois with Engico's knowledge. It was performed in substantial part by promotion and solicitation efforts conducted from Illinois and Engico's payments to a bank account in Illinois, and was allegedly breached by Engico's failure to make further payments that would have been received in Illinois. All these Illinois contacts touch on the Southern District of Illinois.

The Court concludes that the foregoing events occurring, at least in part, in Illinois, are sufficient to amount to "a substantial part of the events or omissions giving rise to" this case. Accordingly, they are sufficient to establish the Southern District of Illinois as an appropriate venue under 28 U.S.C. § 1391(b)(2) for this breach of contract case. Since venue is proper in this district, the Court declines to dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a), and turns to whether, for the convenience of the parties, the Court should transfer this case to another district pursuant to 28 U.S.C. § 1404(a).

B.   <u>Convenience of Venue</u>

Under § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v.*

*Barrack*, 376 U.S. 612, 622 (1964); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a motion to transfer under § 1404(a), the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer, the parties' relative bargaining power, and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen* , 376 U.S. at 622); *In re Ryze Claims Sols., LLC*, No. 19-2930, 2020 WL 4432608, at *4 (7th Cir. Aug. 3, 2020).  The movant has the burden of establishing that the transfer is "clearly more convenient." *Coffey*, 796 F.2d at 219-20.  The Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint and should rarely transfer a case from the plaintiff's selected forum. *In re Nat'l Presto Indus.*, 347 F.3d 662, 663-64 (7th Cir. 2003); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625.  The "interest of justice" analysis usually includes consideration of a variety of factors, including "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *In re Ryze Claims Sols.*, 2020 WL 4432608, at *4 (internal quotations omitted).  The inquiry is flexible and individualized, and the Court should not be bound by a rigid set of considerations. *Id.*

In light of the particular circumstances of this case, Engico has not met its burden of

showing a transfer of venue is warranted.  It has not established that the District of South Carolina, or any other federal judicial district, is clearly more convenient to the parties and witnesses than the Southern District of Illinois.  At least one of the plaintiffs resides in the Southern District of Illinois, and a significant amount of evidence concerning the relevant sales activities that were rooted in Southern Illinois is likely to be found here.  Additionally, this is the plaintiffs' chosen forum and it is related to the dispute, so it is given great weight.  It further appears that South Carolina and Illinois are equally inconvenient to Engico, an Italian company, and to any other third-party witnesses in Kansas, New York, or Indiana.

Furthermore, Engico has not established that the transfer is in the interest of justice. Indeed, Illinois has a strong interest in resolution of the contract disputes of Illinois businesses, as does South Carolina for its businesses.  The Southern District of Illinois and the District of South Carolina are neck and neck as to which more efficiently resolves cases, although the Court notes that the President has nominated two individuals to take the federal bench in the Southern District of Illinois, and both are hoped to be approved by the Senate soon.  The doubling of the number of active judges in this District bodes well for increasing the speed with which it disposes of cases.  As for which court would be more adept at applying the applicable law, the Court is confident that both would do well regardless of what state's law applies.  In sum, Engico has not shown the interests of justice favor transfer. At most, it has demonstrated that venue may also be proper in the District of South Carolina.  This is not sufficient to meet its burden. Accordingly, the Court will deny Engico's venue-based motion to transfer (Doc. 27).

### III.   Conclusion

For the foregoing reasons, the Court:

- **DENIES** Engico's motion to dismiss all claims by plaintiff Thompson Corrugated Systems, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing

(Doc. 25); and

- **DENIES** Engico's motion to dismiss, in the alternative, to transfer pursuant to Federal Rule of Civil Procedure 12(b)(3) for lack of venue (Doc. 27).

**IT IS SO ORDERED.**
**DATED:  August 12, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
