UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMPSON CORRUGATED SYSTEMS, INC. and
THOMPSON CORRUGATED SYSTEMS LLC,

        Plaintiffs,

    v.

ENGICO S.R.L.,

        Defendant.

Case No. 20-cv-122-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Engico S.r.l.'s motion to strike some opinions of Scott Lindberg (Doc. 90), who has been tendered by plaintiffs Thompson Corrugated Systems, Inc. and Thompson Corrugated Systems LLC (collectively, "TCS") as an expert in the area of relationships between a manufacturer and an independent sales representative.  TCS has responded to the motion (Doc. 91).

Relying on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Engico asks the Court to strike Lindberg's opinions because, although he has experience in the electronics sales industry, he does not have experience in the international corrugated box manufacturing sales industry so he is not qualified to give an opinion in this case.  It also objects to his conclusions that TCS was Engico's exclusive sales representative from 2002 to 2019, that Engico breached a contract, and that Engico acted in bad faith.

In response, TCS argues that Lindberg is qualified by education, training, and experience to opine about independent manufacturer's representative arrangements regardless of the specific industry, and that he does, indeed, have familiarity with corrugated machinery sales.  It argues

that any weakness in Lindberg's familiarity with the corrugated box industry can be explored on cross-examination.  TCS also objects that Engico's motion is untimely in that it comes inexcusably long after TCS submitted Lindberg's affidavit in support of its summary judgment motion.

Federal Rule of Evidence 702 and the rule of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, describe the Court's evidentiary gatekeeping function.  Under Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Ortiz v. City of Chi.*, 656 F.3d 523, 536 (7th Cir. 2011).  This rule aims to prevent the finder of fact from being confused or distracted by expert opinions that are not relevant or reliable for one reason or another – for example, the lack of qualification of the expert rendering the opinion, the insufficiency of facts or data upon which the opinion is based, the unreliability of the principles or methods used to arrive at the opinion, or the unreliability of the application of those principles or methods to the facts.

Rule 702 and *Daubert* require the Court to engage in a three-step analysis before admitting expert testimony.  The Court must determine "whether the witness is qualified; whether the expert's methodology is scientifically reliable; and whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue."  *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010) (internal quotations omitted).  The proponent of the expert bears the burden of demonstrating by a preponderance of the evidence that "the expert's

2

testimony would satisfy the *Daubert* standard." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). District judges possess considerable discretion in dealing with expert testimony. *Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir. 1990).

Engico's challenge focusses on the first question: Lindberg's qualification to render his opinions in this case. As noted above, expert testimony may be offered only by "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. To determine if an expert is qualified to testify on a particular matter, a court should "consider a proposed expert's full range of practical experience as well as academic or technical training." *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000); *accord United States v. Garcia Parra*, 402 F.3d 752, 758 (7th Cir. 2005).

The Court finds Lindberg clearly has the necessary knowledge, skill, experience, training, or education to qualify him as an expert on the standards and accepted practices—that is, custom and usage—in the area of manufacturers' independent sales representatives, regardless of the specific product sold. His opinions about the custom and usage in manufacturers' sales representative contract formation will be helpful to the jury to determine what the background understandings in the industry were, whether those assumptions were built into TCS's contract with Engico and, if so, whether Engico breached any of those terms. The extent to which the corrugated machine sales industry might differ from other sales industries in custom and usage, that may be explored on cross-examination and will go to the weight of Lindberg's testimony, not its admissibility.

As for Lindberg's specific opinion about whether the relationship between TCS and Engico constituted an exclusive sales representative agreement as understood in the manufacturers' sales representative industry, that opinion would also be helpful to a jury to

decide the terms of any such agreement based on custom and usage.

As for Lindberg's opinions that Engico breached the contract or acted in bad faith, the Court will allow such opinions posed as hypotheticals rather than specific questions about Engico.

For the foregoing reasons, the Court **DENIES** Engico's motion to strike (Doc. 90) some opinions of Scott Lindberg (Doc. 90), but will limit his testimony regarding the opinions in the previous paragraph to responding to hypothetical questions.

**IT IS SO ORDERED.**
**DATED:  April 26, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**