UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMPSON CORRUGATED SYSTEMS, INC. and THOMPSON CORRUGATED SYSTEMS LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>ENGICO S.R.L.,<br><br>        Defendant. | Case No. 20-cv-122-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiffs Thompson Corrugated Systems, Inc. and Thompson Corrugated Systems LLC (collectively, "TCS") for attachment of funds payable to defendant Engico S.r.l. in the near future (Doc. 100). Under the authority of Federal Rule of Civil Procedure 64, TCS seeks to attach the funds pursuant to the Illinois law of prejudgment attachment, 735 ILCS 5/4-101(1). Engico has responded to the motion arguing that the extraordinary remedy of prejudgment attachment is not warranted (Doc. 102).

Rule 64 allows a federal court "to issue all orders necessary and proper to protect the enforceability of a judgment before it becomes final, provided only that the forum state equips its own courts with such remedies." *Philips Med. Sys. Int'l B.V. v. Bruetman*, 8 F.3d 600, 604 (7th Cir. 1993). The power granted by Rule 64 allows a Court to order a defendant to deposit money—including sales proceeds—into the Court to satisfy a later judgment. *Id.*

Illinois law establishes a procedure for doing that—prejudgment attachment. Under that law, generally, a plaintiff with a claim for more than $20 may have a prejudgment attachment against the property of its debtor if the debtor is not a resident of Illinois. 735 ILCS 5/4-101(1). The request for attachment must be supported by an affidavit setting forth specific pieces of

information, *see* 735 ILCS 5/4-104 & -105, as well as a bond in double the sum sworn to be due or value of the property to be attached, *see* 735 ILCS 5/4-107 & -108.

TCS's affidavit in this case does not satisfy the Illinois statutory requirements, and it has not indicated a willingness to post a bond. However, rather than denying TCS's motion for these technical reasons where it appears attachment might otherwise be proper, the Court will allow TCS to supplement its motion with a supplemental affidavit and with a commitment to post a bond in twice the sum of the amount claimed to be due from Engico or, in the alternative, twice the proceeds from the Grief sale that are sought to be attached.

For the foregoing reasons, the Court **ORDERS** that TCS shall have 14 days to supplement its motion for attachment of funds. The Court **RESERVES RULING** on that motion (Doc. 100) pending review of the forthcoming supplement.

**IT IS SO ORDERED.**
**DATED:  June 10, 2022**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**