UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMPSON CORRUGATED SYSTEMS, INC. and
THOMPSON CORRUGATED SYSTEMS LLC,

                  Plaintiffs,

      v.

ENGICO S.R.L.,

                  Defendant.

Case No. 20-cv-122-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiffs Thompson Corrugated

Systems, Inc. and Thompson Corrugated Systems LLC (collectively, "TCS") for a determination

of the exact amount awardable for their summary judgment victory on Count I (breach of

contract) and Count II (Illinois Sales Representative Act) based on the 2019 sale of an Engico

machine to Lawrence Paper Company (Doc. 97).  TCS seeks entry of an immediate judgment as

to the amount determined to be due.  Engico has responded to the motion (Doc. 99), and TCS has

replied to that response (Doc. 101).

## I.      Background

A brief recap of the history of this case is helpful to understanding the plaintiffs' request.

This case arose out of a relationship between Engico and TCS that began in 2002 and went south

in 2019.  TCS alleges that in 2004 Engico orally agreed that TCS would jointly be the exclusive

sales representative for Engico's products—machinery to produce corrugated materials—in

North America, and that it would be paid on commission.  The relationship was terminated in

2019.

In granting TCS partial summary judgment, the Court found there was no genuine issue

of material fact that, for at least a period of time, there was an exclusive sales representative agreement.  The Court found that the agreement entitled TCS to a commission on the sale of a new Engico machine to Lawrence Paper in May 2019; the Court left the issue of commissions on two later sales for a jury to decide.  Procedurally, the Court granted summary judgment on Count I, a breach of contract claim, and Count II, a claim under the Illinois Sales Representative Act ("IRSA"), 820 ILCS 120/0.01 *et seq.*, but only to the extent those claims were based on commission due for the 2019 Lawrence Paper sale.  Because the evidence established the unpaid commission for that sale in euros that needed to be converted dollars and because there remained questions about the propriety and amount of other damage components, the Court sought further input from the parties.

## II.      Damages Calculation

### A.      Compensatory Damages for Unpaid Commission

TCS has responded by offering a basis for calculating compensatory damages due to the breach of the contract to pay a commission on the 2019 Lawrence Paper sale:  €180,000 converted at the exchange rate of $1.1233, the rate on May 19, 2019, the date of the sale, for a commission due of $202,194.  Engico does not dispute this calculation.  Accordingly, the Court finds that compensatory damages due for the unpaid commission on Count I, to the extent it is based on the 2019 Lawrence Paper sale, is $202,194.

### B.      Prejudgment Interest

TCS asks for prejudgment interest at the rate of 5% under the Illinois Interest Act, 815 ILCS 205/2, on Count I from May 19, 2019, because Engico acknowledged the full commission was due yet failed to pay it.  Engico does not specifically oppose the request for prejudgment interest, although it argues its failure to pay was the result of a legitimate legal dispute.

The Interest Act provides that creditors shall pay prejudgment interest at a rate of 5% "on money withheld by an unreasonable and vexatious delay of payment." 815 ILCS 205/2. The Court has discretion under Illinois law whether to award prejudgment interest. *Twenhafel v. State Auto Prop. & Cas. Ins. Co.*, 581 F.3d 625, 630 (7th Cir. 2009); *In re Est. of Feinberg*, 6 N.E.3d 310, 344 (Ill. App. Ct. 2014).

The Court believes that Engico's failure to pay the 2019 Lawrence Paper commission after entry of this order is unreasonable and would entitle TCS to prejudgment interest beginning today. To the extent TCS requests prejudgment interest from May 19, 2019, to today, the Court reserves the question for trial when it can review the evidence and exercise its discretion to determine whether Engico's delay in paying commission on the 2019 Lawrence Paper sale was unreasonably or vexatiously delayed. It will wait until the conclusion of the case to calculate the total prejudgment interest award.

### C.  Exemplary Damages

TCS asks the Court for exemplary damages on Count II of three times the amount of its compensatory damages for the 2019 Lawrence Paper sale. Engico argues that its conduct did not rise to the level of egregiousness warranting exemplary damages at all, much less exemplary damages of three time the unpaid commission.

It is true that the ISRA states that a principal who fails to timely pay commissions "*shall be liable in a civil action for exemplary damages in an amount which does not exceed 3 times the amount of the commissions owed to the sales representative.*" 820 ILCS 120/3 (emphasis added). However, despite the mandatory language in the statute, Illinois courts "award exemplary damages only when the sales representative proves that the principal willfully and wantonly refused to pay. Illinois courts caution against awarding exemplary damages under the

3

Sales Act except to punish and deter intentional or egregious conduct." *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 573 (7th Cir. 1995) (internal citations and quotations omitted). *Maher & Assocs., Inc. v. Quality Cabinets*, 640 N.E.2d 1000, 1008 (Ill. App. Ct. 1994) ("Although the statute makes no mention of bad faith or culpability, case law in this State makes it clear that punitive damages should not be awarded absent a finding of culpability that exceeds bad faith."); *see Loitz v. Remington Arms Co.*, 415, 563 N.E.2d 397, 402 (Ill. 1990) (citing *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353 (Ill. 1978); Restatement (Second) of Torts § 908(2) (1979)).

Under Illinois law, the preliminary question of whether a defendant can be subject to exemplary damages is a legal decision for the Court. *Cent. Tower Exch. Corp. v. German Motor Parts GmbH*, 518 F. Supp. 3d 1233, 1245 (C.D. Ill. 2021) (citing *Parker v. Four Seasons Hotel, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017); *see also Kelly v. McGraw-Hill Cos., Inc.*, 865 F. Supp. 2d 912, 920, 920 n.6 (N.D. Ill. 2012). It is then for the jury to decide the measure of those damages. *Kelly v. McGraw-Hill Companies, Inc.*, 865 F. Supp. 2d 912, 921 (N.D. Ill. 2012).

Based on the evidence in the record, that Court cannot say definitively that Engico's conduct, at least with respect to the 2019 Lawrence Paper sale commission, does not warrant exemplary damages. However, the Court will reserve the final decision of whether to allow exemplary damages once it hears the evidence at trial and considers Engico's conduct after entry of this order setting the amount of the commission due for the 2019 Lawrence Paper sale. If there is evidence Engico behaved in a truly egregious manner that was beyond bad faith, it will allow the question of exemplary damages to go to the jury.

D.    Attorney's Fees and Costs

The ISRA also requires a principal to pay a prevailing sales representative's reasonable attorney's fees and costs to collect improperly paid commissions. 820 ILCS 120/3. Unlike with

exemplary damages, no culpability is required.  *Cent. Tower Exch. Corp. v. German Motor Parts GmbH*, 518 F. Supp. 3d 1233, 1246, 2021 WL 493407 (C.D. Ill. 2021) (citing *Maher & Assocs., Inc. v. Quality Cabinets*, 640 N.E.2d 1000, 1009 (Ill. App. Ct. 1994)).  So long as the principal failed to pay in a timely manner, fees and costs shall be awarded.

The Court will wait to determine the amount of reasonable fees and costs until the end of the case when it can more easily determine the fees and costs reasonably attributable to this portion of Counts I and II.

## III.   Rule 54(b) Judgment

TCS asks the Court to enter judgment on the parts of Counts I and II for which it has already been granted summary judgment and for which damages have been determined.  Because other claims against Engico are still pending, any judgment entered by the Court at this time must be pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving only some claims.  *See General Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011); *National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986).  Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.**  When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"But the rule does not provide an open invitation for the district court to certify a ruling for interlocutory appeal."  *Rankins v. Sys. Sols. of Kentucky, LLC*, No. 21-2505, 2022 WL 2662141, at *2 (7th Cir. July 11, 2022).  District courts are not to utilize Rule 54(b) unless there

is a good reason for doing so.  *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218

(7th Cir. 1990).  The decision to certify a final judgment as to fewer than all claims in a case is

left to the sound discretion of the district court.  *Curtiss-Wright Corp. v. General Elec. Co.*, 446

U.S. 1, 7 (1980); *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1066 (7th Cir. 1987).

In determining whether to grant judgment under Rule 54(b), the Court must first

determine whether the judgment is final in the sense that it is "'an ultimate disposition of an

individual claim entered in the course of a multiple claims action.'"  *Curtiss-Wright*, 446 U.S. at

7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *accord Rankins*, 2022

WL 2662141, at *2; *General Ins. Co.*, 644 F.3d at 379.  To determine whether an order is final,

the Court must "ask whether there is significant factual and legal overlap between the claim

proposed for appeal and the part of the case pending in the district court."  *Rankins*, 2022 WL

2662141, at *2.  Where claims are substantively intertwined – such as, for example, where the

pending claims factually overlap with those for which a Rule 54(b) judgment is sought – a Rule

54(b) judgment is inappropriate.  *See General Ins. Co.*, 644 F.3d at 380 (citing *Horn v. Transcon

Lines, Inc.,* 898 F.2d 589, 593-95 (7th Cir. 1990)).

Then, the Court must determine whether there is any just reason for delay, taking into

account the interests of judicial administration and the equities involved.  *Curtiss-Wright*, 446

U.S. at 8; *Rankins*, 2022 WL 2662141, at *2; *General Ins. Co.*, 644 F.3d at 379;  *Schieffelin*, 823

F.2d at 1065-66.  In attempting to prevent piecemeal litigation, the Court should "consider such

factors as whether the claims under review [are] separable from the others remaining to be

adjudicated and whether the nature of the claims already determined [is] such that no appellate

court would have to decide the same issues more than once even if there were subsequent

appeals."  *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d

509, 512 (7th Cir. 1987).

At this point, there are too many outstanding, intertwining issues regarding the amounts awardable on Counts I and II with respect to the Lawrence Paper sale. The Court will therefore deny TCS's motion for entry of a Rule 54(b) judgment. However, the Court will consider its finding that Engico owes TSC compensatory damages in the amount of $202,194 in connection with TCS's motion for prejudgment attachment (Doc. 100).

## IV.   Conclusion

For the foregoing reasons, the Court:

- **DENIES** TCS's motion for entry of a Rule 54(b) judgment (Doc. 97);

- **FINDS** that Engico owes TCS $202,194 in compensatory damages on Count I for the unpaid commission for the 2019 Lawrence Paper sale;

- **RESERVES** for later disposition the questions of prejudgment interest, exemplary damages, attorney's fees, and costs; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  July 22, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

7