UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMPSON CORRUGATED SYSTEMS, INC. and THOMPSON CORRUGATED SYSTEMS LLC,<br><br>      Plaintiffs,<br><br>  v.<br><br>ENGICO S.R.L.,<br><br>      Defendant. | Case No. 20-cv-122-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiffs Thompson Corrugated Systems, Inc. and Thompson Corrugated Systems LLC (collectively, "TCS") for attachment of funds payable to defendant Engico S.r.l. in the near future. Under the authority of Federal Rule of Civil Procedure 64, TCS seeks to attach the funds pursuant to the Illinois law of prejudgment attachment, 735 ILCS 5/4-101(1). Engico has responded to the motion arguing that the extraordinary remedy of prejudgment attachment is not warranted (Doc. 102). The Court heard argument on the motion at the Final Pretrial Conference on August 3, 2022.

Rule 64(a) allows a federal court "to issue all orders necessary and proper to protect the enforceability of a judgment before it becomes final, provided only that the forum state equips its own courts with such remedies." *Philips Med. Sys. Int'l B.V. v. Bruetman*, 8 F.3d 600, 604 (7th Cir. 1993). Those orders include writs of attachment and an order directing a defendant to deposit money—including sales proceeds—into the Court to satisfy a later judgment. *Id.*; Fed. R. Civ. P. 64(b).

Illinois law establishes a procedure for prejudgment attachment. Under that law, generally, a plaintiff with a claim for more than $20 may have a prejudgment attachment against

the property of its debtor if the debtor is not a resident of Illinois. 735 ILCS 5/4-101(1). The request for attachment must be supported by an affidavit setting forth specific pieces of information, *see* 735 ILCS 5/4-104 & -105, as well as a bond in double the sum sworn to be due or value of the property to be attached, *see* 735 ILCS 5/4-107 & -108.

TCS has supplemented its motion with an affidavit from Frederick H. Thompson Sr. that satisfies the requirements of 735 ILCS 5/4-104 (Doc. 106). Specifically, Thompson states in his affidavit that TCS's claim is for $1.8 million and seeks attachment of up to $750,000. *See* 735 ILCS 5/4-104(1) (the amount of the claim). He further states that Engico is a resident of Italy, not Illinois. *See* 735 ILCS 5/4-104(2) & 5/4-101(1) (defendant not a resident of Illinois); 735 ILCS 5/4-104(3) (defendant resides in Italy). Finally, Thompson incorporates the numerous facts set forth in TCS's summary judgment motion as the basis for TCS's cause of action against Engico. *See* 735 ILCS 5/4-104(4). Indeed, the Court has already found TSC is entitled to compensatory damages of more than $200,000 on part of Count 1 alone. Furthermore, Thompson has indicated that TSC is offering to post a bond in the amount of $1.5 million, double the value of the property it seeks to attach. *See* 735 ILCS 5/4-107.

TCS anticipates Engico has received or will receive installment payments from Greif, Inc., a company located in North Carolina, for a machine that was to leave Engico's Italian facility after June 17, 2022, and that has recently been installed. If payments are made on the installment schedule Engico has used in the past, TSC believes 35% will be paid upon delivery of the machine to the Italian port for shipment, 15% upon arrival at the facility where it is to be installed, 12.5% upon start-up of the machine after installation, and 12.5% thirty days later. TCS believes Engico will be able to remove the proceeds of this sale from the United States, placing it out of TCS's reach for collection of the final judgment in this case.

The Court finds prejudgment attachment is appropriate in this case where a substantial judgment amount has already been decided for TCS (although not entered in a final judgment yet) and Engico is easily capable of removing its only current and future assets in the United States from the reach of TCS and this Court to satisfy a final judgment.  Removal of Engico's assets from the reach of this Court threatens irreparable harm to TCS which, by definition, could not be remedied by a monetary award that would likely be uncollectible.  Accordingly, the Court **GRANTS** the motion (Doc. 100), and **ORDERS** that TCS shall post bond in the amount of $1.5 million within seven days of entry of this order.

Upon TCS's posting of the bond, the Court **ORDERS** Engico to deposit with the Court any proceeds of the sales of its products to Greif, Inc. that are still in the United States and any proceeds it receives hereafter from the sale of its products to Greif, Inc., up to and including the amount of $750,000.  The deposit shall be made within three days of TCS's posting of the bond for funds currently held by Engico, and thereafter within three days of receiving funds that have not yet been received as of entry of this order.  The Clerk of Court is **DIRECTED** to receive the attached funds up to and including $750,000.  The Court further **ORDERS** that neither Engico nor anyone acting on its behalf shall withdraw from the country or encumber any assets it receives as proceeds from the sale of its products to Greif, Inc.  Any damages Engico suffers from wrongful attachment can be satisfied by the bond.

**IT IS SO ORDERED.**
**DATED:  August 3, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
