UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMPSON CORRUGATED SYSTEMS, INC. and THOMPSON CORRUGATED SYSTEMS LLC,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ENGICO S.R.L.,<br><br>　　　　Defendant. | Case No. 20-cv-122-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant Engico S.r.l. for various matters relating to a stay of execution of the judgment (Doc. 162). Specifically, Engico asks the Court to accept a deposit of funds—$1.7 million—into the Court in lieu of a supersedeas bond and to stay execution of the judgment pending appeal. Plaintiffs Thompson Corrugated Systems, Inc. and Thompson Corrugated Systems LLC (collectively, "TCS") have not responded to the motion. The Court also considers TCS's motion for release of the prejudgment attachment bond (Doc. 173).

A stay of proceedings to enforce a judgment is governed by Federal Rule of Civil Procedure 62. Rule 62(b) provides,

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

A stay of execution of a money judgment is routinely granted once the Court is confident that the security given is sufficient to "compensate[] the judgment creditor for the delay in execution and protect[] against the risk of the judgment being uncollectible after the completion of the appeal." 12 Moore's Federal Practice—Civil § 62.03[3][a] (2022).

The Court entered a money judgment in this case in favor of TCS and against Engico in

the total amount of $1,374,780.84 plus certain prejudgment interest.  Engico has offered to deposit $1.7 million, part of which is made up of the $202,194.00 attached and deposited with the Court before entry of judgment.  The Court is satisfied that this amount is sufficient to protect TCS's interests, that is, to ensure that Engico would pay the judgment against it, plus costs and damages from any delay, if the Court of Appeals affirms the judgment.  12 Moore's Federal Practice—Civil § 62.03[1] (2022).  The Court further finds that a deposit of funds is sufficient "other security" under Rule 62(b).

Accordingly, the Court **GRANTS** Engico's motion for a stay of the judgment pending appeal once security is provided (Doc. 162).  In order to obtain a stay of execution of judgment, Engico is **ORDERED** to deposit funds into the Court as soon as practicable, but no later than March 6, 2023, in the amount of $1,497,806.00, the difference between $1.7 million and the amount already deposited with the Court pursuant to prejudgment attachment.  The Court further **DIRECTS** Engico to file a renewed motion for approval of the security and to stay execution of the judgment when it deposits the funds.  Upon filing of the renewed motion, the Court will approve the security and stay execution of the judgment until the appeal is dismissed or the Court of Appeals issues the mandate.

The Court further **DIRECTS** the Clerk of Court to accept the foregoing funds tendered by Engico to hold until further order of the Court after dismissal or decision of the appeal of this case.  On or before March 6, 2023, Engico shall deliver a copy of this Order along with the funds to be deposited to the Clerk.  The Clerk is **DIRECTED** to deposit the monies received pursuant to this order, along with moneys already received pursuant to prejudgment attachment ($202,194.00), in accordance with 28 U.S.C. § 2041 to the Treasurer of the United States or a designated depositary.

The Court further **STAYS** execution of the judgment until March 7, 2023, to allow

Engico sufficient time to tender its security to the Court.

The Court further **GRANTS** TCS's motion to release bond (Doc. 173), and **RELEASES** the prejudgment attachment bond posted on August 4, 2022.

**IT IS SO ORDERED.**
**DATED:  February 27, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
