UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMPSON CORRUGATED SYSTEMS, INC. and
THOMPSON CORRUGATED SYSTEMS LLC,

                Plaintiffs,

     v.

ENGICO S.R.L.,

                Defendant.

Case No. 20-cv-122-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the supplemental motion of plaintiffs Thompson Corrugated Systems, Inc. and Thompson Corrugated Systems LLC (collectively, "TCS") for an award of attorney's fees and costs associated with its Motion to Convert the Jury Verdict to Dollars and for Award of Attorneys' Fees, Costs and Pre-Judgment Interest ("Fee Motion") (Doc. 156). The Court declined such a request its prior fee order because TCS made the request in its reply brief, to which defendant Engico S.r.l. had no opportunity to respond. Engico has responded to TCS's renewed request in the pending motion (Doc. 168). The Court assumes the reader's familiarity with its prior fee order declining to rule on the instant fee request (Doc. 154).

TCS first asserts its right to recover attorney's fees incurred in its effort to collect attorney's fees specifically allowed by statute. Engico does not object to this proposition and, indeed, it is correct. Under a fee-shifting statute, fees for time spent preparing a fee petition are compensable so long as they are reasonable. *See Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894 (7th Cir. 2001); *Taliani v. Herrmann*, 956 N.E.2d 550, 557 (Ill. App. Ct. 2011). In addition to the lodestar method considerations, to determine whether fees are reasonable the Court also considers "the comparison between the hours spent on the merits and the hours spent on the fee

petitions." *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 554 (7th Cir. 1999)

TCS then asks the Court to award $37,799.00 in attorney's fees for work in connection with the Fee Motion.  In its response, Engico asserts the same defenses it asserted in response to the Fee Motion and incorporates its prior brief in support of those arguments.  Engico's four main objections to TCS's fees are:  (1) fees are not awardable for work other than litigating Count II, the Illinois Sales Representative Act claim, (2) a block billing method prevents proper examination of the time spent, (3) two of the attorneys' billing rates exceed the rate of a local attorney doing similar work, and (4) the time spent exceeded what was necessary because TCS's attorneys did not delegate work to associates or paralegals and duplicated the work they did do.

For the reasons set forth in the Court's order on the Fee Motion, Engico's objections are rejected.  The Court has already determined that fees are awardable for work other than that specifically attributable to Count II and that the hourly rates charged by attorneys Adam Glazer and William R. Klein are reasonable.  Furthermore, in light of the breadth of the issues raised in the Fee Motion and the defenses raised in Engico's response to which a reply was necessary, the hours expended were also reasonable.

Further, the Court has reviewed the time records TCS has submitted in support of the supplemental motion for attorney's fees and costs and, in the absence of any specific criticism from Engico, finds that the time records are sufficiently specific and do not reflect undue duplication of efforts by attorneys or attorney's performing tasks better suited to associates or paralegals.  Finally, the Court notes that the hours spent—and therefore the fees incurred—on the fee litigation (about 88 hours minus hours for post-judgment merits related work) do not appear excessive compared to the hours spent on merits litigation (about 1,330 hours plus hours for post-judgment merits related work).

Accordingly, the Court **GRANTS** TCS's motion for an award of attorney's fees and costs associated with its Fee Motion (Doc. 156) and **DIRECTS** the Clerk of Court to enter a judgment for fees in the amount of $37,799.00.

**IT IS SO ORDERED.**
**DATED:  May 18, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**